***EFILED***
Transaction ID: 56849993
Date: Mar 02 2015 04:02PM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

MICKEAL VARNUM,                                        )
                                                       )
        Plaintiff,                                     )
                                                       )
                                                       )        NO. ___15 L 263___
-vs.-                                                  )
                                                       )
AIR AND LIQUID SYSTEMS, INC., As                       )
    Successor-in-Interest to Buffalo Pumps, Inc.       )
AURORA PUMP COMPANY;                                   )
CARRIER CORP.;                                         )
CBS CORPORATION, f/k/a VIACOM, INC.,                   )
    successor by merger to CBS                         )
    CORPORATION, f/k/a WESTINGHOUSE                    )
    ELECTRIC CORPORATION, Individually                 )
    and as Successor-in-Interest to BF                 )
    STURTEVANT CO;                                      )
CRANE CO., Individually and as Successor-in-           )
    Interest to DEMING PUMP CO.,                       )
    COCHRANE CORPORATION and                           )
    CHAPMAN VALVE CO.;                                  )
DRAVO CORPORATION;                                     )
ELECTROLUX HOME PRODUCTS, INC.,                        )
    Individually and as Successor-in-Interest to       )
    COPES-VULCAN, INC.;                                 )
FOSTER WHEELER, L.L.C.;                                )
GENERAL ELECTRIC COMPANY;                              )
GOULDS PUMPS, INC;                                     )
HONEYWELL INTERNATIONAL, INC., as                      )
    Successor to BENDIX CORPORATION;                   )
IMO INDUSTRIES, INC., Individually and as              )
    Successor-in-Interest to DELAVAL                    )
    TURBINE, INC.;                                      )
INGERSOLL-RAND COMPANY, Individually                   )
    and as Successor to TERRY STEAM                     )
    TURBINE COMPANY;                                    )
ITT CORPORATION, as Successor-in-Interest              )
    to FOSTER ENGINEERING;                             )
JOHN CRANE INC.;                                       )
JOHNSON CONTROLS, INC., as Successor-                  )
    in-Interest to YORK INTERNATIONAL,                 )
    INC.;                                               )
METROPOLITAN LIFE INSURANCE CO.;                       )

Page 1 of 18

OWENS-ILLINOIS, INC.;
STRAHMAN VALVES, INC.;
VELAN VALVE CORP.;
WARREN PUMPS, L.L.C.;

    Defendants.

## COMPLAINT

## GENERAL ALLEGATIONS AS TO ALL COUNTS

    Now comes the Plaintiff, MICKEAL VARNUM, by his attorneys, Carver Cantin & Grantham, and for his cause of action against the Defendants, states:

    1.    The Plaintiff, MICKEAL VARNUM, resides at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮ .

    2.    The Plaintiff was employed from about 1962-66 with the United States Navy. He was exposed to Defendants' asbestos throughout 1962 until about 1967. He joined the Navy at 17 years of age on October 29, 1962. His training was in San Diego, CA in 1962. He served aboard the USS Wright CC-2 in the Bremerton/Puget Sound Naval Shipyard from about end of February 1963 until about November 1963. He worked as a FN/BT in Number 2 Boiler Room out of four. The USS Wright then went through Panama Canal, visited the Virgin Islands in about November 1963, then San Juan, P.R. in about December of 1963, then Norfolk/Newport News, VA Navy Yard for about three months from December until about February of 1963. The Wright then went to Portsmouth, VA Navy Yard in December 1963 for about a year and a half immediately thereafter. Mr. Varnum then transferred to the USS Sims DDG-18 for about six or seven months. After that, he took a six month Mediterranean cruise back to Portsmouth for the refitting of the Simms from about June - December 1966, when he left the service. He served throughout these periods as a FN/BT. He worked with all Defendant's products with the exception of Bendix brakes while in the Navy. For about six months after leaving the Navy beginning in about December, 1966, Mr. Varnum worked at Riegel Textile

Corporation in Ware Shoals, SC. He worked on diesel truck brakes, including Bendix brakes during this time. He worked at a truck barn in Ware Shoals, SC on East Main Street.

    3.      During the course of his employment at the locations mentioned above, the Plaintiff was exposed to and inhaled, ingested or otherwise absorbed large amounts of asbestos fibers emanating from certain products he was working with and around which were manufactured, sold, distributed, installed or promoted by the Defendants: AIR AND LIQUID SYSTEMS, INC.; AURORA PUMP COMPANY; CARRIER CORP.; CBS CORPORATION, f/k/a VIACOM, INC., successor by merger to CBS CORPORATION, f/k/a WESTINGHOUSE ELECTRIC CORPORATION, Individually and as Successor-in-Interest to BF STURTEVANT CO.; CRANE CO., Individually and as Successor-in-Interest to DEMING PUMP CO., COCHRANE CORP, and CHAPMAN VALVE CO.; DRAVO CORP.; ELECTROLUX HOME PRODUCTS, INC., Individually and as Successor-in-Interest to COPES-VULCAN, INC.; FOSTER WHEELER, L.L.C.; GENERAL ELECTRIC COMPANY; GOULDS PUMPS, INC.; IMO INDUSTRIES, INC., Individually and as Successor-in-Interest to DELAVAL TURBINE, INC.; INGERSOLL-RAND COMPANY, Individually and as Successor to TERRY STEAM TURBINE COMPANY; ITT CORPORATION, as Successor-in-Interest to FOSTER ENGINEERING; JOHN CRANE INC.; JOHNSON CONTROLS, INC., as Successor-in-Interest to YORK INTERNATIONAL, INC.; METROPOLITAN LIFE INSURANCE CO.; OWENS-ILLINOIS, INC.; STRAHMAN VALVES, INC.; VELAN VALVE CORP.; and WARREN PUMPS, L.L.C.

    4.      Defendant Air and Liquid Systems, Inc. is a foreign corporation organized in Michigan authorized to do business in the State of Illinois.

    5.      Defendant Air and Liquid Systems, Inc. may be served by and through their registered agent James E. Miller, 1680 S. Livernois Suite 200, Rochester Hills, MI, 48307.

6.     Defendant Aurora Pump Company is a foreign corporation organized in the North Carolina authorized to do business in the State of Illinois.

7.     Defendant Aurora Pump Company may be served by and through their registered agent Lynette Jones, 13320 Ballantyne Corporate Place, Charlotte, NC, 28277.

8.     Defendant Buffalo Pumps, Inc. is a foreign corporation organized in the State of Delaware authorized to do business in the State of Illinois.

9.     Defendant Buffalo Pumps, Inc. may be served by and through their registered agent located at The Corporation Trust Company, Corporation Trust Center, 1209 Orange St.; Wilmington, DE, 19801.

10.    Defendant Carrier Corporation is a foreign corporation organized in the State of Delaware authorized to do business in the State of Illinois.

11.    Defendant Carrier Corporation may be served by and through their registered agent the CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL, 60604.

12.    Defendant CBS Corporation is a foreign corporation organized in the State of Pennsylvania authorized to do business in the State of Illinois.

13.    Defendant CBS Corporation may be served by and through their registered agent CT Corporation System located at 208 South LaSalle Street, Suite 814; Chicago, Illinois 60604.

14.    Defendant Crane Co. is a foreign corporation organized in the State of Delaware authorized to do business in the State of Illinois.

15.    Defendant Crane Co. may be served by and through their registered agent CT Corporation System located at 208 South LaSalle Street, Suite 814; Chicago, Illinois, 60604.

16.    Defendant Dravo Corporation is a foreign corporation organized in the State of Delaware authorized to do business in the State of Illinois.

17.     Defendant Dravo Corporation may be served by and through their registered agent for service of process is National Registered Agents, Inc., 160 Greentree Dr., Ste. 101; Dover, DE 19904.

18.     Defendant Electrolux Home Products, Inc. is a foreign corporation organized in the State of Delaware authorized to do business in the State of Illinois.

19.     Defendant Electrolux Home Products, Inc. may be served by and through their registered agent the CT Corporation System, 208 S. LaSalle St., Suite 814; Chicago, IL, 60604.

20.     Defendant Foster Wheeler L.L.C. is a foreign corporation organized in the State of Delaware authorized to do business in the State of Illinois.

21.     Defendant Foster Wheeler L.L.C. may be served by and through their registered agent located at The Corporation Trust Company, Corporation Trust Center, 1209 Orange St.; Wilmington, DE, 19801.

22.     Defendant General Electric Company is a foreign corporation organized in the State of Delaware authorized to do business in the State of Illinois.

23.     Defendant General Electric Company may be served by and through their registered agent the CT Corporation System, 208 So. LaSalle St., Suite 814; Chicago, IL, 60604.

24.     Defendant Goulds Pumps, Inc. is a foreign corporation authorized to do business in the State of Delaware authorized to do business in the State of Illinois.

25.     Defendant Goulds Pumps, Inc. may be served by and through their registered agent the CT Corporation System, 208 So. LaSalle St., Suite 814, Chicago, IL, 60604.

26.     Defendant Honeywell International, Inc. is a foreign corporation organized in the State of Delaware authorized to do business in the State of Illinois.

27.     Defendant Honeywell International, Inc. may be served by and through their registered agent the Illinois Corporation Service C, 801 Adlai Stevenson Dr., Springfield, IL, 62703.

28.     Defendant Ingersoll-Rand Company is a foreign corporation organized in the State of New Jersey authorized to do business in the State of Illinois.

29.     Defendant Ingersoll-Rand Company may be served by and through their registered agent located at CT Corporation System, 208 S. LaSalle St., Ste. 814, Chicago, IL, 60604.

30.     Defendant IMO Industries Inc. is a foreign corporation organized in the State of Delaware authorized to do business in the State of Illinois.

31.     Defendant IMO Industries Inc. may be served by and through their registered agent CT Corporation System located at 208 South LaSalle Street, Suite 814; Chicago, Illinois 60604.

32.     Defendant ITT Corporation is a foreign corporation organized in the State of Indiana authorized to do business in the State of Illinois.

33.     Defendant ITT Corporation may be served by and through their registered agent the CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL, 60604.

34.     Defendant John Crane Inc. is a Delaware corporation with its principal place of business located at 6400 Oakton St., Morton Grove, IL, 60053

35.     Defendant John Crane Inc. may be served by and through their registered agent CT Corporation System located at 208 South LaSalle Street, Suite 814; Chicago, Illinois 60604.

36.     Defendant Johnson Controls, Inc. is a foreign corporation organized in the State of Wisconsin authorized to do business in the State of Illinois.

37.     Defendant Johnson Controls, Inc. may be served by and through their registered agent the CT Corporation System, 208 S. LaSalle St., Suite 814; Chicago, IL, 60604.

38.     Defendant Metropolitan Life Insurance Company is a foreign corporation organized in the State of New York authorized to do business in the State of Illinois.

39.     Defendant Metropolitan Life Insurance Company may be served by and through their registered agent located at The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE, 19801.

40.     Defendant Owens-Illinois, Inc. is a foreign corporation organized in the State of Delaware authorized to do business in the State of Illinois.

41.     Defendant Owens-Illinois, Inc. may be served by and through their registered agent CT Corporation System located at 208 South LaSalle Street, Suite 814; Chicago, Illinois, 60604.

42.     Defendant Strahman Valves, Inc. is a foreign corporation organized in the State of Pennsylvania authorized to do business in the State of Illinois.

43.     Defendant Strahman Valves, Inc. may be served by and through their registered agent Robert Jordan at 2801 Baglyos Circle, Bethlehem, PA, 18020.

44.     Defendant Velan Valve Corp. is a foreign corporation organized in the State of Delaware authorized to do business in the State of Illinois.

45.     Defendant Velan Valve Corp. may be served by and through their registered agent located at The Corporation Service Company, 2711 Centerville Rd. Ste. 400, Wilmington, DE, 19808.

46.     Defendant Warren Pumps L.L.C. is a foreign corporation organized in the State of Delaware authorized to do business in the State of Illinois.

47.     Defendant Warren Pumps L.L.C. may be served by and through their registered agent located at The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE, 19801.

## COUNT I
## NEGLIGENCE

48.     Plaintiff restates and re-alleges paragraphs 1 through 47 above as though fully set forth herein as Count I of his Complaint and also states as follows.

Page 7 of 18

49.     At all times herein set forth, the Defendants' products were being employed in the manner and for the purposes for which they were intended.

50.     The Plaintiff's exposure to and inhalation, ingestion or absorption of the asbestos fibers emanating from the above-mentioned products was completely foreseeable and could or should have been anticipated by the Defendants.

51.     The Defendants knew or should have known that the asbestos fibers contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

52.     That on October 15, 2014 Plaintiff learned he had Lung Cancer, and that at a subsequent time learned said disease was wrongfully caused.

53.     At all times herein relevant, the Defendants had a duty to exercise reasonable care and caution for the safety of the Plaintiff and others working with and around the products of the Defendants containing asbestos.

54.     The Defendants failed to exercise ordinary care and caution for the safety of the Plaintiff in one or more of the following respects:

(a)     Included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons such as the Plaintiff working with or around them would inhale, ingest or otherwise absorb great amounts of that asbestos;

(b)     Included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

(c)     Included asbestos in their products when adequate substitutes for the asbestos in them was available;

(d)     Failed to provide any or adequate warnings to persons working with and around the products of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers contained in them;

(e)    Failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

(f)    Failed to conduct tests on the asbestos-containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which workers such as the Plaintiff might be exposed while working with the products.

55.    That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants, the Plaintiff was exposed to and inhaled, ingested or otherwise absorbed great amounts of asbestos fibers causing Plaintiff to develop Lung Cancer; the Plaintiff, has been compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; the Plaintiff, experiences great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; that as a further result of his asbestos-induced disease and conditions, the Plaintiff has been hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would accrue to him and his estate; lastly, by reason of the Lung Cancer of the Plaintiff, his family has been deprived of his well-being.

WHEREFORE, Plaintiff prays judgment be entered against the Defendants in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS as and for economic damages which will fairly and reasonably compensate for the Plaintiff's injuries and for such other relief as this Court deems just and proper.

## COUNT II - STRICT LIABILITY

56.    The allegations in paragraphs one (1) through fifty-five (55) are re-alleged and incorporated by reference within this Count. Plaintiff MICKEAL Varnum's recovery herein is predicated upon the substantive law of the State of Illinois or such law as the Court holds to be

applicable. In no way does Plaintiff allege his claim or predicate his recovery upon Maritime Law of the United States.

57.     At the time Defendants and each and all defendants used, installed, manufactured, sold and distributed the asbestos-containing products to which Plaintiff was exposed, said products were in a defective condition and unreasonably dangerous in that:

(a)     Said products contained friable asbestos fibers as a constituent substance;

(b)     Said fibers were highly toxic, deleterious, poisonous and harmful to the health of Plaintiff and others similarly situated; and

(c)     Said products were not accompanied by any warning/instructions or by inadequate warning/instructions advising of the danger of exposure to asbestos or of precautions to be employed in the use of asbestos-containing products.

58.     Said products reached the point of Plaintiff's exposure in substantially the same condition as when defectively designed, used, manufactured, distributed, and sold.

59.     At all times relevant hereto, said products were used in the manner and environment intended, and in the manner reasonably foreseeable and anticipated by Defendants and each of them.

60.     Defendants are strictly liable to Plaintiff for all injuries and damages that were contracted as a direct and proximate result of Plaintiff's exposure to asbestos from said products.

61.     Asbestos and asbestos-containing products are inherently dangerous and as such all defendants who made or sold asbestos or the equipment, processes or other things necessary for its use, are strictly liable to Plaintiff for all injuries and damages which were contracted thereby.

62.     All defendants who assisted, directly or indirectly, in the leasing or licensing of asbestos, asbestos-containing products and all equipment necessary for their use are strictly liable to Plaintiff for all the injuries and damages which were contracted thereby.

63.     The handling of asbestos packages, installation, removal and use of asbestos and asbestos-containing products is an ultra-hazardous activity and all Defendants who assisted directly or

indirectly in this are strictly liable for the Plaintiff's injuries which were caused thereby.

64.     The Defendant manufacturers and suppliers warranted the asbestos products for their intended purpose and use. Defendants violated this warranty as the product was neither packaged nor provided in a method proper for its intended use and are strictly liable to the Plaintiff for all injuries caused thereby.

65.     As a direct and proximate result of one or more of the foregoing acts and/or omissions on the part of Defendants, Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff to develop Lung Cancer, which disabled and disfigured Plaintiff. Plaintiff was compelled to expend and become liable for large sums of monies for hospital, medical, and other health care services necessary for the treatment of his lung cancer. Plaintiff experienced great physical pain and mental anguish as a result of his Lung Cancer.

WHEREFORE, Plaintiff prays judgment be entered against the Defendants each of them, jointly and severally, in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, which will fairly and reasonably compensate for the Plaintiff's injuries together with costs herein expended and for such other relief and this Court deems just and proper.

## COUNT III
## WILLFUL AND WANTON COUNT

The allegations in paragraphs one (1) through sixty-five (65) are re-alleged and incorporated by reference within this Count. Plaintiff MICKEAL Varnum's recovery herein is predicated upon the substantive law of the State of Illinois or such law as the Court holds to be applicable. In no way does Plaintiff allege his claim or predicate his recovery upon Maritime Law of the United States.

66.     Defendants are guilty of one or more of the following acts or omissions amounting to willful and wanton misconduct:

Page 11 of 18

(a)    Intentionally or with reckless disregard for the safety of Plaintiff, included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons such as the Plaintiff working with or around them would inhale, ingest or otherwise absorb great amounts of that asbestos;

(b)    Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

(c)    Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in the products when adequate substitutes for the asbestos in them was available;

(d)    Intentionally or with a reckless disregard for the safety of Plaintiff, failed to provide any or adequate warnings to persons working with and around the products of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

(e)    Intentionally or with a reckless disregard for the safety of Plaintiff, failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

(f)    Intentionally or with a reckless disregard for the safety of Plaintiff, failed to conduct tests on the asbestos-containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which workers such as the Plaintiff might be exposed while working with the products.

WHEREFORE, Plaintiff prays judgment be entered against the Defendants in a sum in excess

of FIFTY THOUSAND ($50,000.00) DOLLARS which will fairly and reasonably compensate for the

Plaintiff's injuries and for such other relief as this Court deems just and proper.

**COUNT IV**
**CONSPIRACY AGAINST DEFENDANT**
**METROPOLITAN LIFE INSURANCE COMPANY**

COMES NOW Plaintiff by his attorneys of record and for Count IV and for his cause of action

against the Defendant METROPOLITAN LIFE INSURANCE COMPANY states as follows:

67.    Plaintiff repeats and re-alleges Paragraphs 1 through 66 above as though fully set

forth herein as Count IV of his Complaint.

68.     During the course of his employment, Plaintiff was exposed to and inhaled, ingested or otherwise absorbed large amounts of asbestos fibers emanating from certain products he was working with and around which were manufactured, sold or distributed by the Defendants named in Count I above.

69.     The Defendants, including METROPOLITAN LIFE INSURANCE COMPANY, individually and as agents of one another and as co-conspirators, agreed and conspired among themselves and with other asbestos manufacturers, distributors, and trade organizations, to injure the Plaintiff in the following manner.

70.     Beginning in the late 1920's, the conspirators, Johns-Manville, Raybestos-Manhattan, Metropolitan Life Insurance Company, Pneumo Abex L.L.C., as successor-in-interest to Abex Corporation, Garlock, Inc., and others conducted research on asbestos-related health problems and as a result undertook a duty to inform the consuming public about any health risks that could be associated therewith. In approximately 1929, the conspirator, Metropolitan Life Insurance Company, through its agents and employees acting within the scope of their employment, notably Dr. Anthony J. Lanza, began an investigation of asbestos-related health hazards in the United States, by studying asbestos mines in Canada and on the Eastern seaboard of the United States. In 1935, this study was altered by Lanza, with the full knowledge of Metropolitan, at the request of and in concert with the asbestos industry, and the conspirators named herein in order wrongly to influence the United States Public Health Service, the United States medical community and various state legislatures, including the New Jersey Worker's Compensation Commission. At all times mentioned herein, Metropolitan Life Insurance Company was the general medical, disability and life insurance carrier, both occupational and non-occupational, for the conspirators Johns-Manville in the U.S. and Canada, and Raybestos-Manhattan, as well as others in the industry.

71.     Dr. Lanza's omission of any citation to the significant English literature from his 1935 published report was a continuation of the policy of Metropolitan Life and its co-conspirators to misrepresent and suppress relevant information about the seriousness of Lung Cancer disease, especially to asbestos industry employees and consumers of asbestos products.

72.     The following conspirators were members of the trade association known as the Quebec Asbestos Mining Association ("Q.A.M.A."): Johns-Manville Corporation, Carey Canada, individually and as successor to Quebec Asbestos Corporation, National Gypsum Company and Turner & Newall, individually and successor to Bell Asbestos.     These conspirators, members of the Q.A.M.A., participated in the above-described material misrepresentations of the work of Dr. Leroy Gardner published by Dr. Arthur Vorwald in the AMA Archives of Industrial Health in 1951. Evidence of the Q.A.M.A.'s involvement in this misrepresentation arises from co-conspirator Johns-Manville's membership in the Q.A.M.A., as well as correspondence from co-conspirators dated 10/29/47, 11/26/47, 3/6/38, 10/15/48, 3/8/49, 3/21/51 and 9/6/50 and all indicating close monitoring of the editing process of Dr. Gardner's work by Q.A.M.A.'s representative, Mr. Ivan Sabourin, acting on behalf of all Q.A.M.A. members, and also acting in close concert with the Metropolitan Life Insurance Company and Dr. Anthony J. Lanza.

73.     In addition to the above described actions, the conspirators, through their agent, Dr. Anthony J. Lanza of the Metropolitan Life Insurance Company, made a concerted effort to discredit and to terminate the studies and experiments of certain scientists who were developing data of profound importance for the area of public health in relation to the lung cancer hazard which in fact did exist for workers and bystanders in the asbestos industry.

74.     Because of the above-described efforts of Dr. Lanza of Metropolitan Life, and the other co-conspirators, many other active scientists in the field of environmental cancer were driven out of

their laboratories soon after describing their findings on cancer hazards of asbestos/industrial health origin. This included Dr. Genitt Schepers, who had conducted in-patient studies in South Africa. (Lanza and Vandiver Brown suppressed the publication of Schepers' work while Schepers was affiliated at New York University.) These efforts wrongfully obstructed and confused the real asbestos hazard situation, and had a profound retarding effect on the evaluation of the truth in asbestos and asbestos-related health and cancer research.

75.     In addition to all allegations above, the conspirators actively suppressed publications concerning Lung Cancer in the Asbestos Magazine, a trade magazine and important source of information to the public, and also to users of asbestos products, including users such as the Plaintiff herein. This magazine was read by sales and marketing personnel in the asbestos industry.

76.     The acts of the defendant conspirators, as described above, constitute a fraudulent misrepresentation/concealment which proximately caused the injuries to the Plaintiff in the following manner:

(a)     The material published or caused to be published by the conspirators was false and incomplete in that the Defendants knowingly and deliberately deleted references to the known health hazards of asbestos and asbestos-related products.

(b)     The Defendants individually, as members of a conspiracy, and as agents of other co-conspirators, intended the publication of false and misleading reports, and/or the nondisclosure of documented reports of the health hazards of asbestos:

1.     To maintain a favorable atmosphere for the continued sale and distribution and use of asbestos and asbestos-related products;

2.     To assist in the continued pecuniary gain of the Defendants through the sale of asbestos products to an ignorant public;

3.     To influence in the Defendants' favor legislation to regulate asbestos exposures and limit medical and disability claims for compensation;

4.     To provide a defense in lawsuits brought for injury resulting from asbestos disease;

5.     To prevent relevant medical inquiry about asbestos disease;

Page 15 of 18

6.      To mislead the general public, and the Plaintiff herein, about the hazards associated with asbestos products; and

7.      To induce the Plaintiff to use and continue to use asbestos products.

(c)     The Plaintiff reasonably relied upon the published medical and scientific data documenting the purported safety of asbestos and asbestos-related products, and the absence of published medical and scientific reports on the hazards of asbestos and asbestos-related products to asbestos because Plaintiff believed it to be safe.

(d)     Defendants individually, and as members of a conspiracy, and as agents of other co-conspirators, intended that the Plaintiff rely upon the published reports regarding the safety of asbestos and asbestos-related products and upon the absence of published medical and scientific data regarding the hazards of asbestos and asbestos-related products, to continue their exposure to those products.

(e)     Defendants individually, and as members of a conspiracy, and as agents of other co-conspirators, were in a position of superior knowledge regarding the health hazards of asbestos and therefore the Plaintiff and others deciding to use said asbestos-containing products to which Plaintiff was exposed had a right to rely and did rely on the published reports commissioned by the Defendant regarding the health hazards of asbestos and the absence of published medical and scientific data regarding the hazards of asbestos and asbestos-related products.

(f)     Plaintiff suffered injuries as a direct and proximate result of the acts alleged above.

77.     As a direct and proximate result of Metropolitan Life's intentional publication of deceptive and misleading medical data and information, as described in the preceding paragraphs, upon which data the Plaintiff reasonably relied, the Defendant caused asbestos and/or asbestos-containing products to be used by Plaintiff and Plaintiff has inhaled or otherwise ingested hazardous asbestos dust, and/or will inhale or ingest hazardous asbestos dust, resulting in injuries.

78.     Additionally and alternatively, as a direct and proximate result of Metropolitan Life's actions and omissions as described above, the Plaintiff was caused to remain ignorant concerning the danger of human exposure to asbestos, resulting in damage to the Plaintiff by depriving the Plaintiff, his agents, employees and the general public, of opportunities to be aware of the hazards of asbestos exposure, and thus the opportunity to take proper safety precautions and/or avoid exposure to asbestos

dust. Because of this ignorance on the part of the Plaintiff, Metropolitan Life's failure to warn, Metropolitan Life's concealment from the Plaintiff of the alteration of its published test results, and the actions and omissions and concerted design and conspiracy of Metropolitan Life and others, all as described above, the Plaintiff was occupationally exposed to asbestos and/or asbestos-containing products used at his places of employment and has inhaled or otherwise ingested hazardous asbestos dust resulting in his developing Lung Cancer.

79.     That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants, the Plaintiff was exposed to and inhaled, ingested or otherwise absorbed great amounts of asbestos fibers causing Plaintiff to develop Lung Cancer, the Plaintiff, was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; the Plaintiff experiences great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; that as a further result of his asbestos-induced disease and conditions, the Plaintiff has been hindered from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him and his estate; lastly, his family has been deprived of his well-being.

WHEREFORE Plaintiff prays judgment in a sum in excess of Fifty Thousand Dollars ($50,000.00) against the named Defendants jointly and severally exclusive of costs and interest, as is fair and reasonable to compensate his for the claims set forth herein, plus aggravated (punitive) damages together with his costs and for such other relief this Court deems just and proper under the circumstances.

Respectfully submitted,

*/s/ Erica Mynarich*
Erica Mynarich, # 6297271
Carver, Cantin & Grantham
901 East St. Louis, Suite 1600
Springfield, MO 65806
Ph: (417) 831-6363
Fax: (417) 831-7373
erica@c2glaw.com
*Attorneys for Plaintiff*

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| MICKEAL VARNUM, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| -vs.- | )   NO. _____ |
| | ) |
| AIR AND LIQUID SYSTEMS, INC., As | ) |
| Successor-in-Interest to Buffalo Pumps, | ) |
| Inc., et al. | ) |
| | ) |
|     Defendants. | ) |

## AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(B)

Pursuant to Supreme Court Rule 222 (B), counsel for the above-named Plaintiff, Mickeal

Varnum, certifies that Plaintiff seeks money damages in excess of Fifty Thousand and 00/100ths

Dollars ($50,000).


Respectfully submitted,


*/s/ Erica Mynarich*
Erica Mynarich, # 6297271
Carver, Cantin & Grantham
901 East St. Louis, Suite 1600
Springfield, MO 65806
Ph: (417) 831-6363
Fax: (417) 831-7373
erica@c2glaw.com
*Attorneys for Plaintiff*


Page 1 of 1

***EFILED***
Case Number 2015-L-000263
Transaction ID: 56849993
Date:  Mar 02 2015 04:02PM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | | |
|---|---|---|
| MICKEAL VARNUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs.- | ) | NO. _____ |
| | ) | |
| AIR AND LIQUID SYSTEMS, INC., As | ) | |
| Successor-in-Interest to Buffalo Pumps, | ) | |
| Inc., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY OF APPEARANCE

COMES NOW, Erica Mynarich of Carver, Cantin & Grantham and enters her appearance as lead counsel for Plaintiff, Mickeal Varnum.

Respectfully submitted,

*/s/ Erica Mynarich*
Erica Mynarich, IL # 6297271
Carver, Cantin & Grantham
901 East St. Louis, Suite 1600
Springfield, MO 65806
Ph: (417) 831-6363
Fax: (417) 831-7373
erica@c2glaw.com
*Attorneys for Plaintiff*

## **PROOF OF SERVICE**

The undersigned certifies that on March 2, 2015, a copy of the foregoing instrument

was served upon all counsel of record via FileAndServeExpress pursuant to the Court's

Order of January 26, 2011.

> _/s/ Erica Mynarich_
> Erica Mynarich, IL # 6297271

***EFILED***
Case Number 2015L000203
Transaction ID: 56849993
Date: Mar 02 2015 04:02PM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | | |
|---|---|---|
| MICKEAL VARNUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs.- | ) | NO. _____ |
| | ) | |
| AIR AND LIQUID SYSTEMS, INC., As | ) | |
| Successor-in-Interest to Buffalo Pumps, | ) | |
| Inc., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

*/s/ Erica Mynarich*
Erica Mynarich, # 6297271
Carver, Cantin & Grantham
901 East St. Louis, Suite 1600
Springfield, MO 65806
Ph: (417) 831-6363
Fax: (417) 831-7373
erica@c2glaw.com
*Attorneys for Plaintiff*

Page 1 of 2

## PROOF OF SERVICE

The undersigned certifies that on March 2, 2015, a copy of the foregoing instrument

was served upon all counsel of record via FileAndServeExpress pursuant to the Court's

Order of January 26, 2011.

_/s/ Erica Mynarich_
Erica Mynarich, IL # 6297271

Page 2 of 2

\*\*\*EFILED\*\*\*
Case Number 2015L 000263
Transaction ID: 56849993
Date:  Mar 02 2015 04:02PM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| MICKEAL VARNUM | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| -vs.- | )   NO. |
| | ) |
| AIR AND LIQUID SYSTEMS, INC., et al., | ) |
| | ) |
|    Defendants. | ) |
| | ) |

## PLAINTIFF'S MOTION FOR EXPEDITED TRIAL SETTING

Plaintiff, pursuant to Section II, D of the Standing Case Management Order, hereby moves this Court to expedite his case for trial and to set the same for trial on an Expedited Trial Setting. In support thereof, Plaintiff states:

1. Plaintiff's case is filed contemporaneously with this Motion.

2. Defendants have been served with the Complaint, this Motion, and a Notice of Hearing.

3. Plaintiff is 69 years old – his date of birth is ▮▮▮▮▮▮▮

4. Plaintiff has been diagnosed with stage III lung cancer.

5. Plaintiff has a very limited life expectancy.

6. Plaintiff's counsel has provided or will provide all required documents by the hearing date for this Motion.

7. Plaintiff is entitled to an opportunity, while alive, to participate in the trial of the action and to confront the parties allegedly causing his injuries.

WHEREFORE, Plaintiff prays this Court to enter its order setting this case for trial on an Expedited Trial Setting.

Respectfully submitted,

*/s/ Erica Mynarich*
Erica Mynarich, # 6297271
Carver, Cantin & Grantham
901 East St. Louis, Suite 1600
Springfield, MO 65806
Ph: (417) 831-6363
Fax: (417) 831-7373
erica@c2glaw.com
*Attorneys for Plaintiff*

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon all counsel of record via FileAndServeExpress pursuant to the Court's Order of January 26, 2011, on this 3rd day of March, 2015.

*/s/ Erica Mynarich*
Erica Mynarich, # 6297271

***EFILED***
Case Number 2015L 000263
Transaction ID: 56849993
Date: Mar 02 2015 04:02PM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | | |
|---|---|---|
| MICKEAL VARNUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs.- | ) | NO. _____ |
| | ) | |
| AIR AND LIQUID SYSTEMS, INC., As | ) | |
| Successor-in-Interest to Buffalo Pumps, | ) | |
| Inc., et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF HEARING

Please take notice that Plaintiff's Motion for Expedited Trial has been set for

hearing before the presiding Judge on April 10, 2015, beginning at 9:00 a.m.


Respectfully submitted,


*/s/ Erica Mynarich*
Erica Mynarich, # 6297271
Carver, Cantin & Grantham
901 East St. Louis, Suite 1600
Springfield, MO 65806
Ph: (417) 831-6363
Fax: (417) 831-7373
erica@c2glaw.com
*Attorneys for Plaintiff*

## PROOF OF SERVICE

The undersigned certifies that on March 2, 2015, a copy of the foregoing instrument

was served upon all counsel of record via FileAndServeExpress pursuant to the Court's

Order of January 26, 2011.

*/s/ Erica Mynarich*
Erica Mynarich, IL # 6297271

***EFILED***
Case Number 2015L 000263
Transaction ID: 56849993
Date:  Mar 02 2015 04:02PM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY

| | |
|---|---|
| MICKEAL VARNUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | )   CASE No. |
| | ) |
| AIR AND LIQUID SYSTEMS, INC., | ) |
| As Successor-in-Interest to Buffalo | ) |
| Pumps, Inc., et al. | ) |
| | ) |
| Defendants. | ) |

## SUMMONS SERVICE LIST

Summons issued on all Defendants:

AIR AND LIQUID SYSTEMS, INC.;
AURORA PUMP COMPANY;
CARRIER CORP.;
CBS CORPORATION;
CRANE CO.;
DRAVO CORPORATION;
ELECTROLUX HOME PRODUCTS INC.;
FOSTER WHEELER, L.L.C.;
GENERAL ELECTRIC;
GOULDS PUMPS, INC.;
HONEYWELL INTERNATIONAL, INC.;
IMO INDUSTRIES, INC.;
INGERSOLL-RAND COMPANY;
ITT CORPORATION;
JOHN CRANE INC.;
JOHNSON CONTROLS, INC.;
METROPOLITAN LIFE INSURANCE CO.;
OWENS-ILLINOIS, INC.;
STRAHMAN VALVES, INC.;
VELAN VALVE CORP.; and
WARREN PUMPS, L.L.C.

Respectfully submitted,


*/s/ Erica Mynarich*
Erica Mynarich, # 6297271
Carver, Cantin & Grantham
901 East St. Louis, Suite 1600
Springfield, MO 65806
Ph: (417) 831-6363
Fax: (417) 831-7373
erica@c2glaw.com
*Attorneys for Plaintiff*

Page 2 of 2

***EFILED***
Case Number 2015L 000263
Transaction ID: 56991235
Date:  Mar 30 2015 12:10PM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY

MICKEAL VARNUM,

     Plaintiff,

v.                       15-L-263

JOHN CRANE INC., et al.,

     Defendants.

## APPEARANCE

     O'CONNELL, TIVIN, MILLER & BURNS, L.L.C., Attorneys, hereby enters their appearance in the above-captioned matter on behalf of Defendant JOHN CRANE INC.

               O'CONNELL, TIVIN, MILLER & BURNS, L.L.C.

               /s/ Edward M. Burns
               By:    Edward M. Burns, # 6185020
               135 S. LaSalle St., Suite 2300
               Chicago, IL 60603
               (847) 741-4603

               Attorneys for Defendant
               JOHN CRANE INC.

Page 1 of 1

***EFILED***
Case Number 2015L 000263
Transaction ID: 56991235
Date: Mar 30 2015 12:10PM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY

| | |
|---|---|
| MICKEAL VARNUM, | |
| Plaintiff, | |
| v. | 15-L-263 |
| JOHN CRANE INC., et al., | |
| Defendants. | |

## DEFENDANT JOHN CRANE INC.'S 2-615 MOTION TO DISMISS
## PLAINTIFF'S COMPLAINT

DEFENDANT, JOHN CRANE INC., (hereinafter "John Crane"), by and through its undersigned attorneys, moves this Court pursuant to §5/2-615 of the Illinois Code of Civil Procedure to enter an Order dismissing Plaintiff's Complaint (hereinafter "the Complaint") for the reason that each Count of the Complaint directed against John Crane is substantially insufficient in law.  In support of its motion, John Crane states:

1.      Illinois law dictates that conclusions in a complaint must be disregarded.  If, after deletion of the conclusory statements, insufficient facts remain to apprise the Defendant of the factual allegations against it, the complaint must be dismissed.  Knox College v. Celotex Corporation, 88 Ill.2d 407, 430 N.E.2d 976, 985 (1981).

2.      The Complaint fails to state a cause of action against John Crane upon which relief can be granted because the allegations against John Crane consist solely of conclusory statements rather than the specific facts required by Illinois law.  See Kozak v. Armstrong World Industries, Inc., 213 Ill.App.3d 1061, 572 N.E.2d 276, 282 (4th Dist. 1991).

3.    The Illinois Appellate Courts have established the following pleading requirements for a complaint alleging an injury caused by asbestos:

A.    Identify the asbestos-containing product allegedly produced by the Defendant;

B.    State the time during which the Defendant supplied the asbestos-containing product to the plaintiff's employer;

C.    Specify the disease contracted by the plaintiff;

D.    Indicate where in the chain of production the Defendant is located.

Kozak v. Armstrong World Industries, Inc., 213 Ill.App.3d 1061, 572 N.E.2d 276 (4th Dist. 1991); Knox v. Keene Corporation, 210 Ill.App.3d 141, 569 N.E.2d 201 (2nd Dist. 1991); Costello v. Unarco Industries, Inc., 129 Ill.App.3d 736, 473 N.E.2d 96 (4th Dist. 1984), reversed on other grounds, 111 Ill.2d 476, 490 N.E.2d 675 (1986).

4.    The Complaint fails to meet the specific pleading requirements established by the Illinois Appellate Courts for a complaint alleging an injury caused by asbestos in the following respects:

A.    It fails to identify any specific product or products allegedly sold or distributed by John Crane to which the plaintiff was exposed;

B.    It fails to identify the time when the allegedly defective John Crane product or products were sold by John Crane;

C.    It fails to allege when the plaintiff was exposed to any of John Crane's asbestos-containing products;

D.    It fails to indicate where in the chain of production John Crane is located.

5.    The Complaint is nothing more than a notice pleading, a pleading specifically barred in the State of Illinois.  Kozak supra.

6.      The Complaint fails to allege facts to support a cause of action for "concurrent negligence" or to satisfy the requirements of the single indivisible injury rule established by Illinois law. Knox v. Keene Corporation, 210 Ill.App.3d 141, 569 N.E.2d 201, 204 (2nd Dist. 1991).

7.      The Wilful and Wanton Count of the Complaint contains insufficient facts to support a cause of action for wilful and wanton misconduct as to John Crane. The allegations of wilful and wanton conduct merely repeat the conclusory allegations recited in the Negligence Count prefaced with the conclusory allegation "intentionally or with a reckless disregard...". The Complaint's conclusory allegations, which fail to state any facts upon which the conclusions reasonably may be based, are inadequate to support a cause of action for wilful and wanton misconduct. Wait v. First Midwest Bank of Danville, 142 Ill.App.3d 780, 433 N.E.2d 291 (3rd Dist. 1982).

8.      The action was not commenced within the time limited by law.

WHEREFORE, Defendant, John Crane Inc., prays that this Court enter an Order dismissing Plaintiff's Complaint against it, for its costs incurred herein, and for such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

O'CONNELL, TIVIN, MILLER & BURNS, L.L.C.

/s/ Edward M. Burns
By:  Edward M. Burns, Esq.    # 6185020
135 S. LaSalle St., Suite 2300
Chicago, IL 60603
(847) 741-4603

Attorneys for Defendant
JOHN CRANE INC.

***EFILED***
Case Number 2015L 000263
Transaction ID: 56991235
Date:  Mar 30 2015 12:10PM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY

MICKEAL VARNUM,

     Plaintiff,

v.                                                                          15-L-263

JOHN CRANE INC., et al.,

     Defendants.

## NOTICE OF FILING AND SERVICE

TO:    THE COURT AND ALL COUNSEL OF RECORD

    PLEASE TAKE NOTICE that on March 30, 2015, the undersigned e-filed with the Clerk of the Circuit Court for Madison County, Illinois, in the above-referenced case **DEFENDANT JOHN CRANE INC.'S APPEARANCE** and **MOTION TO DISMISS PLAINTIFF'S COMPLAINT** and this **NOTICE.**

                   O'CONNELL, TIVIN, MILLER & BURNS, L.L.C.

                   /s/ Edward M. Burns
                   By:    Edward M. Burns, # 6185020
                   135 S. LaSalle St., Suite 2300
                   Chicago, IL 60603
                   (847) 741-4603

## PROOF OF SERVICE

    Under penalties as provided by law pursuant to §1-109 of the Code of Civil Procedure, the undersigned certifies that she served a copy of **Defendant John Crane Inc.'s Appearance and Motion to Dismiss Plaintiff's Complaint** and **Notice of Filing and Service** on the plaintiff's attorney only by placing a true and correct copy thereof, in a sealed envelope, first class postage prepaid, via U.S. Mail on March 30, 2015, and she served the same documents on all other attorneys of record via LexisNexis pursuant to the Court's February 27, 2004, order.

                   *Joanne McNeil*

Page 1 of 1

***EFILED***
Case Number 2015L 000263
Transaction ID: 57026226
Date:  Apr 06 2015 11:10AM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

MICKEAL VARNUM,                          )
                                         )
        Plaintiff,                       )
                                         )          Case No.  15-L-263
v.                                       )
                                         )
AIR AND LIQUID SYSTEMS, INC. , As        )
Successor-in-Interest to Buffalo Pumps,  )
Inc., et al.,                            )
                                         )
        Defendants.                      )

## ENTRY OF APPEARANCE

COME NOW, Dennis J. Dobbels and Nicole C. Behnen and the law firm of Polsinelli PC, and hereby enter their appearance as counsel of record for Defendant Honeywell International Inc., Individually and as successor to The Bendix Corporation.

Respectfully submitted,

POLSINELLI PC

By:   /s/Nicole C. Behnen
      NICOLE C. BEHNEN (#06220123)
      LUKE J. MANGAN (#06272658)
      100 South Fourth Street, Suite 1100
      St. Louis, Missouri  63102
      Telephone: (314) 231-1950
      Facsimile: (314) 754-8181

      DENNIS J. DOBBELS (#06278884)
      105 West Vandalia Street, Suite 400
      Edwardsville, Illinois  62025
      Telephone: (618) 692-2600
      Facsimile: (618) 655-9640

      *Attorneys for Defendant Honeywell International Inc.,*
      *Individually and as successor to The Bendix Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was sent via electronic transmission to Lexis/Nexis for service upon all counsel of record on or about this 6th day of April, 2015, to:

Erica Myanrich
Carver, Canton & Grantham
901 East St. Louis, Suite 1600
Springfield, MO  65806

*Attorney for Plaintiff*

<u>        */s/ Nicole C. Behnen*        </u>

**IMAGE PATCH SHEET MADISON COUNTY**

**Docket Code:** RESPONSE                    **Printed:** 4/15/2015
**Event Date :**  3/03/2015                   **Time:**  2:32 PM
**Description**
RESPONSES TO INTEROGS AND RESPONSES TO REQUEST FOR

01    2013L 000463   031576702 01



| Receipt No. | User-ID | Date | Time | Batch# | Seq | Itm |
|---|---|---|---|---|---|---|
| 31576702-01 | STOICHEF | 4/15/2015 | 2:31 PM | 04-153 | 021 | 001 |



IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

MICKEAL VARNUM,                         )
                                        )      No.    15-L-263
                Plaintiff,              )
                                        )
                                        )
                                        )      Asbestos Personal Injury
        vs.                             )
                                        )
                                        )
AIR & LIQUID SYSTEMS, INC., as          )
Successor-in-Interest to Buffalo Pumps, Inc., et al., )
                                        )
                Defendants.             )

## ENTRY OF APPEARANCE

The undersigned, as attorneys, enter their appearance for and on behalf of defendant

Metropolitan Life Insurance Company.


BY _____
Charles L. Joley #06188622
Laura K. Beasley #06274537
JOLEY, OLIVER & BEASLEY, P.C.
8 East Washington Street
Belleville, IL 62220
Phone:         (618) 235-2020
Facsimile:     (618) 235-9632
E-Mail:        cjoley@ilmoattorneys.com
               lbeasley@ilmoattorneys.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LIFE INSURANCE
COMPANY


**Page 1 of 9**
**Case No. 15-L-263**

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

MICKEAL VARNUM,                                )        No.    15-L-263
                                               )
                   Plaintiff,                  )
                                               )
                                               )        Asbestos Personal Injury
         vs.                                   )
                                               )
                                               )
AIR & LIQUID SYSTEMS, INC., as                 )
Successor-in-Interest to Buffalo Pumps, Inc., et al.,  )
                                               )
                   Defendants.                 )

## DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY's
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW Defendant Metropolitan Life Insurance Company ("Metropolitan Life")

pursuant to735 ILCS 5/2-615 of the Illinois Code of Civil Procedure, and respectfully moves this

Court to dismiss Plaintiff's Complaint ("Complaint") against Metropolitan Life.  In support of its

motion, Metropolitan Life states as follows:

        1.      Illinois is a fact-pleading jurisdiction that requires a Plaintiff to allege facts that

give rise to, and bring the claim within, a legally recognized cause of action.  *City of Chicago v.

Beretta U.S.A. Corp.*, 213 Ill. 2d 351, 368 (2004) ("Fact pleading imposes a heavier burden on

the plaintiff, so that a complaint that would survive a motion to dismiss in a notice-pleading

jurisdiction might not do so in a fact-pleading jurisdiction."); *Schal Bovis, Inc. v. Casualty Ins.

Co.*, 314 Ill. App. 3d 562, 574-75 (1st Dist. 1999)  Because Illinois is a fact-pleading

jurisdiction, a plaintiff must allege facts, not mere conclusions, to establish his or her claim as a viable cause of action. *Napleton v. Vill. of Hinsdale*, 229 Ill. 2d 296, 305 (2008); *Vernon v. Schuster,* 179 Ill.2d 338, 344 (1997).

2. Plaintiff's Complaint directs multiple Counts against numerous defendants, including Metropolitan Life, for damages stemming from alleged exposure to asbestos and asbestos-containing products. Metropolitan Life is, and always has been, an insurance company. Metropolitan Life has never been in the business of mining, making, selling or designing asbestos or asbestos-containing products, including any of the products at issue in this case.

3. To the extent Plaintiff's Complaint contains any product liability claims or Counts against Metropolitan Life including, but not limited to, strict liability, negligence, breach of warranty, and willful and wanton conduct, all fail as a matter of law. Plaintiff's Complaint does not contain, and never will be able to contain, any credible factual allegations or evidence that Metropolitan Life manufactured, sold, distributed, or installed any of products at issue in this case sufficient to establish a recognized cause of action, much less one upon which relief can be granted under Illinois law. For these reasons alone, these Counts should be dismissed.

4. Any and all claims or Counts directed at Metropolitan Life alleging negligence or fraud fail to plead sufficient facts to prove elements necessary to sustain and support a cause of action upon which relief could be granted. These claims are insufficient both in fact and as a matter of law.

5. Plaintiff's negligence and fraud claims fail because Metropolitan Life did not owe a duty to disclose information to the Plaintiff, with whom Metropolitan Life had no relationship or connection with whatsoever regarding asbestos. *See, e.g., Iseberg v. Gross*, 227 Ill. 2d 78, 98

(2007). Plaintiff's Complaint should be dismissed because Metropolitan Life owed no duty to the Plaintiff upon which relief could be granted.

6.      Plaintiff alleges injuries suffered from exposure to asbestos from a variety of asbestos products in a variety of workplaces. Plaintiff's Complaint does not allege any employment relationship with Metropolitan Life.  Nor does Plaintiff's Complaint allege he ever saw, heard, read, or relied on anything Metropolitan Life said or did not say regarding asbestos. Instead of relying on facts, any claim or Count of negligence or fraud would rely on impermissibly speculative inferences and leaps of logic based on mere legal conclusions in hopes of constructing negligence and fraud claims where none exist.  As a result, the piecemeal list of insufficient facts alleged in Plaintiff's Complaint fail to establish a viable claim or Count upon which relief can be granted and should be dismissed.

7.      Any and all claims or Counts directed at Metropolitan Life alleging civil conspiracy fail to plead sufficient facts to prove elements necessary to sustain and support a cause of action upon which relief could be granted.  These claims are insufficient both in fact and as a matter of law.

8.      Civil conspiracy is not actionable by itself, but rather must be based upon underlying tortious conduct. *See Adcock v. Brakegate, Ltd.*, 164 Ill. 2d 54, 63 (1994) ("An agreement to commit a wrongful act is not a tort ... A cause of action for civil conspiracy exists only if one of the parties to the agreement commits some act in furtherance of the agreement, which is itself a tort.") (citations omitted).  Plaintiff's Complaint fails to state a claim for any actionable underlying tort upon which civil conspiracy could be premised.

9.      Plaintiff's civil conspiracy claims also fail to sufficiently plead the facts necessary to establish the subjective intent of Metropolitan Life as an alleged conspirator first in agreeing to commit an unlawful act and second in intending the harm that results. *See, e.g., McClure v. Owens Corning Fiberglas Corp.*, 188 Ill. 2d 102, 133-34 (1999) ("Accidental, inadvertent, or negligent participation in a common scheme does not amount to conspiracy.").

a.      The Illinois Supreme Court has held that the mere knowledge, acquiescence, or approval of a plan without cooperation or an agreement to cooperate is insufficient to create a conspiracy. *See, e.g., McClure*, 188 Ill. 2d at 133-34. As to any alleged circumstantial evidence of Metropolitan Life's subjective intent, such as alleged parallel conduct with purported coconspirators – the alleged failure to disclose the hazards of asbestos, for example—the Illinois Supreme Court has noted that parallel conduct, standing alone, can never, as a matter of law, constitute clear and convincing evidence of a civil conspiracy, because there are many innocent explanations for such conduct. *Id.* at 135-46.

b.      As for alleged non-parallel conduct offered as circumstantial evidence of a conspiracy such as common membership in a trade or other professional association, it is well-settled that such evidence does not constitute independent proof of a conspiracy. *See Dukes v. Pneumo Abex Corporation*, 386 Ill. App. 3d 425, 440 (4th Dist. 2008); *see also McClure*, 188 Ill. 2d at 149-50. Furthermore, Metropolitan cannot be held liable under a civil conspiracy theory for constitutionally protected conduct. *See Claiborne Hardware*, 458 U.S. 886, 919-20 (1982) (where First Amendment concerns are implicated, a civil conspiracy

claim requires defendant's "specific intent" to *itself* engage in *unprotected* conduct in furtherance of unlawful goals; guilt by association is not tolerated under the First Amendment). Metropolitan's connections with any alleged conspiracy—the acts of conducting and publishing (or not publishing) scientific studies, and membership in a trade organization   were activities fully protected by the First Amendment.

10.     All of Plaintiff's claims and corresponding Counts also fail because Plaintiff cannot establish that the alleged acts or omissions of Metropolitan Life were a proximate cause of the purported injuries. A fundamental principle of tort law is that the plaintiff has the burden of proving that the defendant caused the complained-of harm or injury and "mere conjecture or speculation is insufficient proof." *Smith v. Eli Lilly & Co.*, 137 Ill. 2d 222, 232 (1990). Plaintiff's Complaint fails to allege facts that could establish proximate cause and should be dismissed.

11.     Plaintiff's Complaint improperly asserts claims for exemplary and punitive damages against Metropolitan Life. These claims, and each Count thereof, that seek the award of exemplary or punitive damages violate Metropolitan Life's rights guaranteed by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and the related provisions of the Illinois Constitution, including, but not limited to, Article I, Sections 2, 8, 10, and 11.

12.     Further, it is well established under Illinois law that absent a hearing or finding by the trial court, any claims seeking exemplary or punitive damages against Metropolitan Life are

not only improper, but prohibited and should be stricken pursuant to 735 ILCS 5/2-604.1 of the Illinois Code of Civil Procedure. *Halle v. Robertson*, 219 Ill. App. 3d 564 (2d Dist. 1991).

13.     Finally, the activities allegedly engaged in by Metropolitan Life that are the subject of Plaintiff's claims are protected by the First Amendment to the United States Constitution.  Medical and scientific researchers and writers must be afforded the latitude to make judgments about the significance of research and about what should be published and how, without fear of liability many decades later.  Otherwise, there will be a significant chilling effect on the development of knowledge and the free expression of opinion and free exchange of ideas in violation of the First Amendment to the United States Constitution. *See People v. Jones*, 188 Ill. 2d 352, 357 (1999) (citing *Turner Broadcasting System, Inc. v. Federal Communications Comm'n*, 512 U.S. 622, 641 (1994) ("At the heart of the First Amendment lies the principle that each person should decide for himself or herself the ideas and beliefs deserving of expression, consideration, and adherence.")); *Connick v. Myers*, 461 U.S. 138, 145 (1983) (scientific speech "occupies the highest rung of the hierarchy of First Amendment values and is entitled to special protection.").  And the First Amendment protects not only what corporations say, but their decisions not to speak or publish at all. *See, e.g., Pac. Gas & Elec. Co. v. Pub. Util. Comm'n*, 475 U.S. 1, 16 (1986) ("For corporations as for individuals, the choice to speak includes within it the choice of what not to say."); *Miami Herald Publ'g Co. v. Tornillo*, 418 U.S. 241, 258 (1974) (newspaper has absolute right to decide what to print and what not to print).

WHEREFORE, Defendant Metropolitan Life prays that for the foregoing reasons, this

Court enters an Order dismissing Plaintiff's Complaint against it and for any other relief this

Court deems appropriate.

Dated: _Apr 11_____, 2015.

Respectfully submitted,

Charles L. Joley #06188622
Laura K. Beasley #06274537
JOLEY, OLIVER & BEASLEY, P.C.
8 East Washington Street
Belleville, Illinois 62220
Phone:      (618) 235-2020
Facsimile:  (618) 235-9632
E-Mail:     cjoley@ilmoattorneys.com
            lbeasley@ilmoattorneys.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LIFE
INSURANCE COMPANY

OF COUNSEL:
Stephen A. Fennell
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, DC 20036
(202) 429-3000

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document(s) was/were

electronically served upon the attorneys of record of all parties by File & ServeXpress on this

_15th_ day of _Apr._ , 2015.

Charles L. Joley
Laura K. Beasley

Page 9 of 9
Case No. 15-L-263

***EFILED***
Case Number 2015L 000263
Transaction ID: 57089711
Date: Apr 16 2015 11:10AM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

1000211
DMS/bmg

## IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

MICKEAL VARNUM,                        )        IN RE: ASBESTOS LITIGATION
                                       )
    Plaintiff,                     )
                                       )
v.                                     )        Case No. 15 L 263
                                       )
AIR & LIQUID SYSTEMS, INC., et al.,    )
                                       )
    Defendants.                    )

### ENTRY OF APPEARANCE

    NOW COMES, HEYL, ROYSTER, VOELKER & ALLEN, Attorneys at Law, and hereby enters their appearance on behalf of the Defendants IMO INDUSTRIES INC., and WARREN PUMPS, LLC, in the above-captioned matter.

THESE DEFENDANTS DEMAND TRIAL BY JURY

IMO INDUSTRIES INC., and
WARREN PUMPS, LLC,
Defendants,

BY: _____
HEYL, ROYSTER, VOELKER & ALLEN
Drew M. Schilling - #06288755

HEYL, ROYSTER, VOELKER & ALLEN
105 West Vandalia Street
P.O. Box 467
Edwardsville, IL 62025
Telephone: 618.656.4646
Facsimile: 618.656.7940

1000211
DMS/bmg

Case No. 15 L 263

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing has been electronically served upon all counsel of record through LexisNexis File & Serve on ~~April 16~~, **2015**; and also by enclosing a hard copy of said document to Plaintiff's Attorney, as indicated below, in an envelope with postage prepaid, and depositing same in a United States mail box in Rockford, Illinois.

**Copies Mailed To:**

Carver, Cantin & Grantham
901 East St. Louis, Suite 1600
Springfield, MO  65806
(417) 831-6363
**Attorneys for Plaintiff**

_____
Drew M. Schilling

***EFILED***
Case Number 2015L 000263
Transaction ID: 57089711
Date:  Apr 16 2015 11:10AM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

1000211
DMS/bmg

## IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

| | | |
|---|---|---|
| MICKEAL VARNUM, | ) | IN RE: ASBESTOS LITIGATION |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 L 263 |
| | ) | |
| AIR & LIQUID SYSTEMS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### COMBINED MOTION TO DISMISS PURSUANT TO 735 ILCS 5/2-619.1

NOW COME the Defendants, IMO INDUSTRIES INC., and WARREN PUMPS, LLC, by and through their attorneys, HEYL, ROYSTER, VOELKER & ALLEN, and pursuant to 735 ILCS 5/2-615, 5/2-619, hereby move to dismiss Plaintiff's Complaint, and in support thereof, state as follows:

### 735 ILCS 5/2-615

1.      Plaintiff's Complaint fails to state causes of action, fails to state claims upon which relief may be granted, and fails to set forth sufficient facts to apprise these Defendants of the claims being made against them.  Where the Plaintiff fails to state each fact necessary to state each cause of action alleged, the Complaint should be dismissed.  *See* Teter v. Clemens, 112 Ill. 2d 252, 256, 492 N.E.2d 1340, 1342 (1986).

2.      Plaintiff's Complaint fails to specify (1) the products allegedly produced by each Defendant which caused the alleged injury; (2) the dates and places of the alleged exposure to each product; (3) the time during which the product was supplied; or (4) where in the chain of production the various-named Defendants were located, and thus does not apprise these Defendants of sufficient facts upon which they may rely in making a defense. *See* Knox v. Keene Corp., 210 Ill. App. 3d 141, 569 N.E.2d 201 (2nd Dist. 1999); Kozak v. Armstrong World Ind., Inc.,

1000211
DMS/bmg
Case No.: 15 L 263

213 Ill. App. 3d 1061, 1067, 572 N.E. 2d 279, 282 (4th Dist. 1991); Costello v. Unarco Ind., Inc., 129

Ill. App. 3d 736, 744, 473 N.E.2d 96 (4th Dist. 1984), rev'd on other grounds, 111 Ill.2d 476, 490

N.E.2d 675 (1986).

3.      Plaintiff's allegations of conspiracies are insufficient as a matter of law.  No facts

are alleged that establish anything more than parallel conduct without active participation of

these Defendants. See McClure v. Owens Corning Fiberglas Corp., et al., 188 Ill. 2d 102, 720 N.E.

2d 242 (1999).

**735 ILCS 5/2-619**

1.      As to Defendants, IMO INDUSTRIES INC., and WARREN PUMPS, LLC, Plaintiff has

not established facts supporting IMO INDUSTRIES INC., and WARREN PUMPS, LLC are subject to

general personal jurisdiction in the State of Illinois. See 735 ILCS 5/2-619(1); Daimler AG v.

Bauman, 134 S. Ct. 746 (2014).

2.      Plaintiff has failed to file his cause of action within the applicable statute of

limitations, which provides that an action for personal injury "shall be commenced within two

years next after the cause of action accrued." See 735 ILCS 5/13-202.

3.      Plaintiff has failed to allege any facts which establish that Madison County is the

proper venue for this case and, therefore, venue should be transferred to another, more

appropriate, county with proper venue. Plaintiff has failed to show that any defendant is a

resident of Madison County who is joined in good faith and with probable cause for the purpose

of obtaining a judgment against it and not solely for the purpose of fixing venue in Madison

County, i.e., that any defendant does business in Madison County or that the transaction, or

some part thereof from which the cause of action arose occurred in Madison County. See

Laverty v. CSX Transp., Inc., 404 Ill. App. 3d 534, 2010 Ill. App. LEXIS 996 (5th Dist. 2010); Dawdy v.

*Page 2 of 5*

1000211
DMS/bmg                                                                 Case No.: 15 L 263

Union Pac. R.R. Co., 207 Ill. 2d 167, 797 N.E.2d 687 (Ill. 2003); Certain Underwriters at Lloyd's v. Ill.

Cent. R.R. Co., 329 Ill. App. 3d 189, 768 N.E.2d 779 (2d Dist. 2002).

    4.    Plaintiff has failed to allege any facts which establish that Madison County is a

proper forum. The Complaint fails to establish that Madison County has any connection with the

plaintiff, the occurrence alleged, the witnesses to be called to testify or other evidence relevant

to this case, and therefore, this matter should be dismissed on the basis of *forum non conveniens*

or transferred to a more convenient forum within the State of Illinois. Illinois Supreme Court

Rule 187; Gridley v. State Farm Mut. Auto Ins. Co., 217 Ill. 2d 158, 169-170, 840 N.E.2d 269, 276-

277 (2005); Laverty v. CSX Transportation, Inc., No 5-09-0043, 2010 WL 3623583 (Ill. App. 5th Dist.

Sept. 15, 2010); McGinty v. Norfolk S. Ry. Co., 362 Ill. App. 3d 934, 936-937, 841 N.E.2d 987, 989-

998 (5th Dist. 2005); Dawdy v. Union Pacific RR. Co., 207 Ill.2d 167, 173, 797 N.E.2d 687, 693

(2003); Peile v. Skelgas, Inc., 163 Ill.2d 323, 645 N.E.2d 184 (Ill. 1994).

    5.    As to Defendants, IMO INDUSTRIES INC. and WARREN PUMPS, LLC, Plaintiff's

Complaint is barred by the State of Illinois statute of repose inasmuch as 735 Ill. Comp. Stat.

5/13-214 (West, Westlaw through 2012 Sess.) provides for a ten year statute of repose involving

the design, planning, supervision, observation or management of construction or construction

of an improvement to real property.

    WHEREFORE, the Defendants pray that Plaintiff's Complaint be dismissed, and that they

recover their costs herein.

IMO INDUSTRIES INC., and
WARREN PUMPS, LLC,
Defendants

BY: _____
HEYL, ROYSTER, VOELKER & ALLEN
Drew M. Schilling - #06288755

1000211
DMS/bmg

HEYL, ROYSTER, VOELKER & ALLEN
105 West Vandalia Street
P.O. Box 467
Edwardsville, IL 62025
Telephone: 618.656.4646
Facsimile: 618.656.7940

1000211
DMS/bmg

Case No.:  15 L 263

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing has been electronically served upon all counsel of record through LexisNexis File & Serve on **APRIL 16, 2015**; and also by enclosing a hard copy of said document to Plaintiff's Attorney, as indicated below, in an envelope with postage prepaid, and depositing same in a United States mail box in Rockford, Illinois.

**Copies Mailed To:**

Carver, Cantin & Grantham
901 East St. Louis, Suite 1600
Springfield, MO  65806
(417) 831-6363
**Attorneys for Plaintiff**

Drew M. Schilling

\*\*\*EFILED\*\*\*
Case Number 2015L 000263
Transaction ID: 57104984
Date: Apr 20 2015 11:35AM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

MICKEAL VARNUM                    )
                                  )
   Plaintiff,                     )
                                  )
-vs.-                             )      NO. 2015L 000263
                                  )
AIR AND LIQUID SYSTEMS, INC., As  )
   Successor-in-Interest to Buffalo Pumps,  )
   Inc., et al.                   )
                                  )
                                  )
   Defendants.                    )

### Verified Statement of Out-of-State Attorney Pursuant to Supreme Court Rule 707

     I, Ben Andrew Vinson, Jr., submit this Verified Statement pursuant to Illinois Supreme Court Rule 707.

1.    My full name is Ben Andrew Vinson, Jr. The address of offices from which I practice law and related email address and telephone numbers are as follows:

Vinson Law LLC
4230 S. MacDill Ave., Ste. 2031
Tampa, FL 33611
(813) 839-5708
ben@vinsonlawoffice.com

2.    I represent Mickeal Varnum in *Varnum v. Air and Liquid Systems, Inc.*, As Successor-in-Interest to Buffalo Pumps, Inc., in the Circuit Court, Third Judicial Circuit, Madison County, Illinois, case number 2015L 000263.

3(a).    I have filed an appearance pursuant to this rule in this calendar year in two other cases.

*Rozumek v. Air and Liquid Systems, Inc.*, As Successor-in-Interest to Buffalo Pumps, Inc., et al. in Madison County Circuit Court, Third Judicial Circuit, case number 2015L 000256.

*Baley v. Air and Liquid Systems Corporation*, As Successor-in-Interest to Buffalo Pumps, Inc., et al. in Madison County Circuit Court, Third Judicial Circuit, case number 2015L 000470.

3(b).    My ARDC registration number is 6315076.

4(a).    I list each jurisdiction of admission, including any state, territory, or commonwealth of the United States, the District of Columbia, or in a foreign country, and my full admission name and license number.

State of Florida, Ben Andrew Vinson, Jr., #95227

4(b).    I attach a letter or certificate of good standing for each of the jurisdictions listed in paragraph 4(a) above.

5.       I have no office or other presence in Illinois for the practice of law.

6.       I submit to the disciplinary authority of the Supreme Court of Illinois;

7.       I have undertaken to become familiar with and to comply, as if admitted to practice in Illinois, with the rules of the Supreme Court of Illinois, including the Illinois Rules of Professional Conduct and the Supreme Court Rules on Admission and Discipline of Attorneys, and other Illinois law and practices that pertain to the proceeding;

(8)      The full name, business address and ARDC number of the Illinois attorney with whom I have associated in the matter is:

Erica Mynarich
Carver, Cantin & Grantham
901 E. St. Louis, Ste. 1600
Springfield, MO 65806
ARDC Number 6297271

9.       I certify that I have served this Statement upon Air & Liquid Systems Corporation, Aurora Pump Company, Carrier Corporation, CBS Corporation, Crane Co., Dravo Corporation, Electrolux Home Products, Inc., Foster Wheeler L.L.C., General Electric Company, Goulds Pumps, Inc., Honeywell International, Inc., IMO Industries, Inc., Ingersoll-Rand Company, ITT Corporation, John Crane, Inc., Johnson Controls, Inc., Metropolitan Life Insurance Company, Owens-Illinois, Inc., Strahman Valves, Inc., Velan Valve Corporation, and Warren Pumps L.L.C. and that these parties are all entitled to service under this rule.

<u>Verification</u>

I verify the accuracy and completeness of each of the above statements.



Ben Andrew Vinson, Jr.

# The Florida Bar

**JOHN F. HARKNESS, JR.**
**EXECUTIVE DIRECTOR**

651 EAST JEFFERSON STREET
TALLAHASSEE, FLORIDA 32399-2300

850/561-5600
www.FLORIDABAR.ORG

State of Florida     )

County of Leon     )

In Re:     95227
Ben Andrew Vinson, Jr.
Vinson Law
4230 S. MacDill Ave., Ste. 203
Tampa, FL




I HEREBY CERTIFY that I am the duly appointed custodian of membership records of The Florida Bar.

I FURTHER CERTIFY that the records in the office of the Clerk of the Supreme Court of Florida indicate that said attorney was admitted to practice law in the State of Florida on March 23, 2012.

I FURTHER CERTIFY that the records in the office of The Florida Bar indicate that the above attorney is an active member of The Florida Bar in good standing.

Dated this __31st__ day of March, 2015.

Pam Gerard
Member Services & Records Manager
The Florida Bar

PG/LK/ssT1:R10

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

MICKEAL VARNUM,                                    )
                                                   )
                    Plaintiff,                     )
                                                   )
vs.                                                )
                                                   )        Cause No.  15-L-263
AIR & LIQUID SYSTEMS, INC., As                     )
Successor-in-Interest to Buffalo Pumps, Inc., et   )
al.,                                               )
                                                   )
                    Defendants.                    )

## ENTRY OF APPEARANCE

       COME NOW attorneys Raymond R. Fournie and Anita M. Kidd of Armstrong Teasdale

LLP, and enter their appearance on behalf of defendant GENERAL ELECTRIC COMPANY.

                         ARMSTRONG TEASDALE LLP

                         BY: _____

                              Raymond R. Fournie     #03126094
                              Anita M. Kidd          #06229585
                              7700 Forsyth Blvd. Ste. 1800
                              St. Louis, Missouri 63105
                              (314) 621-5070
                              (314) 621-5065 (facsimile)

                              ATTORNEYS FOR DEFENDANT
                              GENERAL ELECTRIC COMPANY

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that a true and correct copy of the foregoing document

was sent via electronic transmission to LexisNexis File & ServeXpress for service upon

Plaintiff's attorney and all co-defendants of record this _22_ day of _April_____, 2015.

      LexisNexis # _____57119463_____

                                      _____

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

MICKEAL VARNUM,                              )
                                             )
            Plaintiff,                       )
                                             )
vs.                                          )
                                             )            Cause No.  15-L-263
AIR & LIQUID SYSTEMS, INC., As               )
Successor-in-Interest to Buffalo Pumps, Inc., et  )
al.,                                         )
                                             )
            Defendants.                      )

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF
PERSONAL JURISDICTION; ALTERNATIVELY TO DISMISS FOR
FAILURE TO STATE A CLAIM**

        COMES NOW Defendant General Electric Company ("Defendant"), by and through its

attorneys, Armstrong Teasdale LLP, pursuant to the Illinois Code of Civil Procedure, and

respectfully moves this Court to dismiss Plaintiff's Complaint, ("Complaint"), against

Defendant.  In support of this Motion, Defendant states as follows:

        1.      Mickeal Varnum ("Plaintiff") brought this action against approximately twenty-

one defendants, including General Electric Company, for injuries allegedly sustained due to

exposure to asbestos products "manufactured, sold, distributed, or installed by the Defendants."

Compl., General Allegations, ¶ 3.  Plaintiff Mickeal Varnum alleges that he "was employed from

about 1962-66 with the United States Navy. He was exposed to Defendants' asbestos throughout

1962 until about 1967. He joined the Navy at 17 years of age on October 29, 1962. His training

was in San Diego, CA in 1962. He served aboard the USS Wright CC-2 in the Bremerton/Puget

Sound Naval Shipyard from about end of February 1963 until about November 1963. He worked

as a FN/BT in Number 2 Boiler Room out of four. The USS Wright then went through Panama

Canal, visited the Virgin Islands in about November 1963, then San Juan, P.R. in about

December of 1963, then Norfolk/Newport News, VA Navy Yard for about three months from December until about February of 1963. The Wright then went to Portsmouth, VA Navy Yard in December 1963 for about a year and a half immediately thereafter. Mr. Varnum then transferred to the USS Sims DDG-18 for about six or seven months. After that, he took a six month Mediterranean cruise back to Portsmouth for the refitting of the Simms from about June - December 1966, when he left the service. He served throughout these periods as a FN/BT. He worked with all Defendant's products with the exception of Bendix brakes while in the Navy. For about six months after leaving the Navy beginning in about December, 1966, Mr. Varnum worked at Riegel Textile Corporation in Ware Shoals, SC. He worked on diesel truck brakes, including Bendix brakes during this time. He worked at a truck barn in Ware Shoals, SC on East Main Street." Compl., General Allegations, ¶ 2.

    2.    Illinois is a fact-pleading state, requiring a plaintiff to set forth a legally recognized cause of action and plead facts bringing the claim within that cause of action. *Misselhorn v. Doyle*, 629 N.E.2d 189, 191 (Ill. App. Ct. 5th Dist. 1994). When the trial court is presented with a motion to dismiss, the court must determine whether the complaint sets forth sufficient facts that, if established, could entitle the plaintiff to relief. *Bryson v. News America Publications, Inc.*, 672 N.E.2d 1207, 1214 (Ill. 1996). A complaint is subject to dismissal if it fails to state a cause of action because of factual or legal insufficiency. *Cummings v. City of Waterloo*, 683 N.E.2d 1222, 1225 (Ill. App. Ct. 5th Dist. 1997). To state a cause of action, a complaint must set forth a legally recognized cause of action and plead facts bringing the claim within that cause of action. *Misselhorn*, 629 N.E.2d at 191. Dismissal of a complaint is mandatory if the plaintiff fails to meet both requirements. *Id.* Factual deficiencies of a complaint cannot be cured by liberal construction. *Cummings*, 683 N.E.2d at 1225.

**A.    Grounds for Motion to Dismiss Pursuant to 735 ILCS 5/2-619(1)**

3.     Pursuant to 735 ILCS 5/2-301, Defendant objects to the court's jurisdiction over it

on the grounds that Defendant is not amenable to process of this court because Plaintiff has

failed to plead sufficient facts that Defendant has the requisite contacts with the State of Illinois

to have submitted themselves to this Court's jurisdiction, pursuant to 735 ILCS 5/2-209.  This

court lacks jurisdiction over this defendant pursuant to *Daimler AG v Bauman*, 134 S.Ct. 746

(2014).

**B.    Count I, Negligence, should be dismissed.**

4.     To comply with Illinois's fact-pleading requirements, a complaint alleging

workplace exposure to numerous products manufactured or distributed by numerous defendants

must, at a minimum: (1) identify the product allegedly produced by a particular defendant, and

the dates and places of exposure; (2) state the time during which the defendant supplied the

product to Plaintiff's employer; (3) specify the disease contracted by Plaintiff; and, (4) indicate

where in the chain of production the defendant is located.  *See Kozak v. Armstrong World Indus.*,

572 N.E.2d 279 (Ill. App. Ct. 4th Dist. 1991); *Knox v. Keene Corp.*, 569 N.E.2d 201 (Ill. App.

Ct. 2d Dist. 1991); *Costello v. Unarco Indus., Inc.*, 473 N.E.2d 96 (Ill. App. Ct. 4th Dist. 1984),

*rev'd on other grounds*, 490 N.E.2d 675 (Ill. 1986).  Clearly, Plaintiff has failed to comply with

the minimum pleading requirements.  The only one of these minimum pleading requirements

Plaintiff's Complaint complies with is the requirement to identify the specific disease allegedly

contracted by Plaintiff. (Compl., Count I, ¶ 52).

5.     Plaintiff's Complaint should be dismissed because Plaintiff did not identify how

Defendant could have caused Plaintiff's alleged "asbestos-induced disease" Compl., Count I,

¶ 52.  Likewise, Plaintiff has failed to allege with requisite specificity the following: the location

or job site where Plaintiff was allegedly exposed to Defendant's products, the specific products

to which Plaintiff claims exposure, where in the chain of production Defendant is located, and the time frame of exposure to these products. *See Lewis v. Lead Indus. Ass'n, Inc.*, 793 N.E.2d 869, 875 (Ill. App. Ct. 1st Dist. 2003) (court affirmed the dismissal of the negligence counts because plaintiffs failed to identify the defendants that supplied the lead pigment to which their children were exposed and therefore, "failed to plead facts in support of the causation element of the claims asserted.").

      6.      These pleading requirements are not mere formalities. The Court in *Kozak* explained why generic, boiler-plate complaints should be dismissed. *See Kozak*, 572 N.E.2d at 282. By serving a complaint that contains no specific facts linking the Plaintiff to any Defendant, Plaintiff is asking Defendant, as well as each of the other numerous defendants, "to check every sale made in Illinois, then trace the chain of use and determine from the final user's records (if any records still exist) whether plaintiff or plaintiff's decedent worked with the product." *Id.* at 283.

      7.      In the instant case, Plaintiff's Complaint has precisely the same deficiencies and poses the same problems as the complaints criticized by the Courts of Appeals in *Kozak, Knox,* and *Costello*. Plaintiff's Complaint fails to apprise Defendant of sufficient facts upon which to base a defense. The Complaint does not allege Plaintiff used any particular product manufactured, sold, distributed, or installed by any particular Defendant at any particular time or location. Compl., General Allegations, ¶ 3. Other than the fact that Plaintiff allegedly used an asbestos-containing product at some point during the entirety of his career, the Complaint reveals nothing about the factual basis for these claims. Plaintiff's allegation that he worked with asbestos-containing products at some time in the past is not sufficient to state a claim. *See Kozak*, 572 N.E.2d 279; *Knox*, 569 N.E.2d 201; *Costello*, 473 N.E.2d 96, *rev'd on other grounds,*

490 N.E.2d 675. Moreover, without the basic information required by well-established Illinois law, Defendant has no way to respond to Plaintiff's allegations or prepare its defense for trial. Under Illinois law, Defendant is not required to respond to Plaintiff's Complaint prior to Plaintiff demonstrating the existence of a viable claim. *Id.* Therefore, Count I should be dismissed with prejudice.

**C.    Count II, Strict Liability, should be dismissed.**

13.    When suing under a strict liability failure to warn theory, "[the] plaintiff *must plead* and prove that the defendant seller or manufacturer knew or should have known of the dangers posed by its product and that the dangerous aspect of the product caused the injury." *Kurrack v. Am. Dist. Telegraph Co.*, 625 N.E.2d 675, 680 (1st Dist. 1993) (emphasis added). Plaintiff's Complaint fails to make any factual allegation of Defendant's knowledge concerning the purported dangers of working with asbestos containing materials while using a product manufactured by Defendant.

14.    Without supporting facts, general allegations are merely conclusions. *See Shaker & Assoc., Inc. v. Medical Technologies Group, Ltd.*, 733 N.E.2d 865, 872 (1st Dist. 2000). Plaintiffs' claims are merely conclusory and lack the factual support necessary to avoid dismissal. *Id.*

15.    Plaintiff has alleged only conclusory statements in Count II of their Complaint. Because Plaintiff has not alleged a single supporting fact concerning their failure to warn claim as to Defendant, this Court should dismiss Plaintiff's strict-liability claim in Count II of Plaintiffs' Complaint.

**D.    Count III, Willful and Wanton Conduct, should be dismissed.**

16.    Illinois law requires that a claim for willful and wanton misconduct must allege not only duty, breach, and proximate cause but also that the defendant either intentionally injured

the plaintiff or acted in reckless disregard for his safety. *Spangenberg v. Verner*, 747 N.E.2d 359, 364 (Ill. App. Ct. 5th Dist. 2001). A plaintiff must allege either a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the plaintiff. *Burke v. 12 Rothschild's Liquor Mart, Inc.*, 593 N.E.2d 522, 532 (Ill. 1992); *Adkins v. Sarah Bush Lincoln Health Ctr.*, 544 N.E.2d 733, 743 (Ill. 1989).

17.     To establish reckless disregard for the safety of others, the complaint must allege facts establishing that the defendant failed, after knowledge of impending danger, to exercise ordinary care to prevent it or that defendant failed to discover the danger through recklessness or carelessness when it could have been discovered by ordinary care. *Id.* It must be either intentional or grossly negligent. *Id.* It requires consciousness that an injury may probably result from the act and a reckless disregard of the consequences, but does not require ill will. *Braun v. Board of Educ. of Red Bud Cmty. Unit Sch. Dist. No. 132*, 502 N.E.2d 1076, 1081 (Ill. App. Ct. 5th Dist. 1986), appeal denied, 511 N.E.2d 426 (Ill. 1987).

18.     In *Concoran v. Village of Libertyville*, the court found a count for willful and wanton conduct insufficient because there were no factual allegations supporting the plaintiff's contention that the defendant had notice of a dangerous condition and had failed to remedy it. 383 N.E.2d 177, 181-182 (Ill. 1978). Therefore, the court held that the plaintiff merely alleged negligence. *Id.*

19.     In this case, despite the requirement to plead facts establishing that Defendant engaged in willful and wanton conduct, Count III does nothing more than re-allege allegations in Count I. It is not sufficient to simply allege willful and wanton conduct on its face.

20.     In Count III for "willful and wanton misconduct," Plaintiff fails to allege facts supporting duty, breach, and proximate cause. Compl., Count III, ¶ 15.

a.   Plaintiff's Complaint provides no guidance as to the time period when Plaintiff was purportedly exposed to "asbestos fibers" other than to state the dates of employment. Compl., General Allegations, ¶ 2. Plaintiff never alleges any facts indicating that Defendant knew of the purported defects or dangers.

b.   There can be no finding of willful and wanton conduct in the absence of a duty owed to plaintiff. With regard to Defendant's duty to warn, Plaintiff fails to assert any basis indicating that Defendant had a duty to "provide…warnings" to Plaintiff of any of the properties of asbestos. Compl., Count III, ¶ 15. Instead, Plaintiff simply comes to the conclusion that the Defendant should have warned and "failed to conduct tests." Compl., Count III, ¶ 15. Such unsupported conclusions are insufficient to establish a legally cognizable cause of action.

c.   Plaintiff also fails to plead the necessary facts to satisfy the causation element of the claim for negligence. As a result, Plaintiff's claims against Defendant should be dismissed for failure to state a claim upon which relief can be granted.

21.   Further, Plaintiff has not pled any facts sufficient to allege that Defendant demonstrated a deliberate intention to harm or an utter indifference to, or conscious disregard for, the safety of Plaintiff or others. Therefore, Count III should be dismissed with prejudice.

**E.   Additional grounds for dismissal.**

22.   Plaintiff's claims are barred by the two-year statute of limitations for personal injury claims. *Healy v. Owens-Illinois, Inc.*, 833 N.E.2d 906, 910-910 (Ill. App. Ct. 1st Dist. 2005); *Pratt v. Sears Roebuck & Co.*, 390 N.E.2d 471, 475 (Ill. App. Ct. 1st Dist. 1979).

23.   Defendant incorporates and adopts herein the motions and arguments made in response to Plaintiff's Complaint by other co-defendants in this cause of action.

WHEREFORE, Defendant respectfully requests the Court to dismiss Plaintiff's Complaint in its entirety with prejudice and for such other further relief as the Court deems just and proper.

ARMSTRONG TEASDALE LLP

BY: _____

Raymond R. Fournie    #03126094
Anita M. Kidd        #06229585
7700 Forsyth Blvd. Ste. 1800
St. Louis, Missouri 63105
(314) 621-5070
(314) 621-5065 (facsimile)

ATTORNEYS FOR DEFENDANT
GENERAL ELECTRIC COMPANY

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent via electronic transmission to LexisNexis File & ServeXpress for service upon Plaintiff's attorney and all co-defendants of record this _23_ day of _April_ , 2015.

LexisNexis # _57119463_

_____