UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICKEAL VARNUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Case No. 3:15-cv-00450-NJR-DGW |
| ) | |
| ) | |
| AIR AND LIQUID SYSTEMS, INC., ) | |
| As Successor-in-Interest to Buffalo ) | |
| Pumps, Inc., et al, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT CRANE CO.'S MOTION TO JOIN NOTICE OF REMOVAL**

Defendant Crane Co. moves to join the notice of removal filed by codefendant General Electric Company (Doc. 1) pursuant to 28 U.S.C. § 1442(a) and § 1446 (Doc. 3). The grounds for removal set out by General Electric Company apply equally to Crane Co.

Plaintiff Mickeal Varnum filed his complaint in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois. *See* Complaint, Exh. 1. The Complaint alleges that Plaintiff was exposed to asbestos emanating from certain products he was working with and around, which were manufactured, sold, distributed, or installed by multiple defendants, including Crane Co., during his career in the U.S. Navy. Exh. 1, ¶¶ 2, 3.

Plaintiff's allegations that he was exposed to asbestos-containing products while serving in the U.S. Navy give rise to Crane Co.'s federal defense—often referred to as the government-contractor defense. In short, any Crane Co. product that Decedent was exposed to in the Navy was manufactured for and supplied to the Navy (along with any product literature, labeling, or warnings that accompanied those products) in strict accordance with Navy specifications and requirements. Federal officers exercised their discretion regarding whether (i) asbestos was used

in the product, and (ii) whether a warning would accompany the product (and if so, what it would say). Without approval from a federal officer, Crane Co.'s products could not have been used by the Navy (whether on board a ship, in a shipyard, or otherwise).

Removal is proper under 28 U.S.C. § 1442(a)(1), where the removing defendant establishes that: (1) the defendant is a person under the statute; (2) the defendant was acting under the direction of a federal officer when it engaged in the allegedly tortious conduct; (3) there is a causal nexus between the plaintiffs' claims and the defendant's actions under federal direction; and (4) the defendant has raised a colorable defense based on federal law. *See Mesa v. California*, 489 U.S. 121, 124–25, 129–31, 134–35 (1989). Crane Co. meets all four elements and therefore is entitled to remove this action. Indeed, the United States Courts of Appeals for the Ninth and Second Circuits recently held that Crane Co. establishes a colorable federal defense and meets all of the requirements of federal-officer removal based on allegations and evidence nearly identical to those submitted here. *See Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014); *Cuomo v. Crane Co.*, 771 F.3d 113 (2d Cir. 2014).

Crane Co. has met the first element because corporations qualify as a "person" under the statute. *See Winters v. Diamond Shamrock Co.*, 149 F.3d 387, 398 (5th Cir. 1998).

With respect to the second element for federal-officer removal, Crane Co. was acting under the direction of the Navy in the design, manufacture, and sale of its products for and to the Navy. Crane Co. products were designed and manufactured in strict accordance with precise contracts and specifications approved by the Navy. *See* Affidavit of Anthony D. Pantaleoni ("Pantaleoni Aff."), at ¶¶ 5–6, attached as Exhibit 2; Affidavit of David P. Sargent ("Sargent Aff."), at ¶¶ 22–32, attached as Exhibit 3. Since the 1950s, the Navy issued Military Specifications (MILSPECs) for various products, including the types of products allegedly

manufactured or supplied by Crane Co., and certain MILSPECs required the use of asbestos or asbestos components. See Sargent Aff., at ¶¶ 26–27, and 32. Moreover, compliance with the specifications for equipment to be used on Navy ships was directly monitored by Naval Machinery Inspectors. Sargent Aff., at ¶ 29. Unless Crane Co. products were first determined to be in conformity with all applicable Navy specifications, they could not be installed aboard Navy ships. Sargent Aff., at ¶ 29. Thus, given the Navy's direct and detailed control over the design and manufacture of Crane Co. products, Crane Co. has met this element.

In light of the specific direction and strict control of the Navy over the design and manufacture of Crane Co. products detailed above, there exists a strong causal nexus between plaintiffs' claims and Crane Co.'s actions, thus meeting the third element. Plaintiff's claims against Crane Co. depend solely on the actions taken by Crane Co. in accordance and compliance with directions from the Navy.

With respect to the fourth element, Crane Co.'s government-contractor defense is a colorable federal defense to Plaintiff's claims. As set forth in the product-liability/design-defect context by the Supreme Court of the United States in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 512 (1988), the government-contractor defense applies when: (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. *See also Leite*, 749 F.3d at 1123.[1] Crane Co. has a colorable federal defense because the Navy provided Crane Co. with precise specifications regarding its products and Crane Co. delivered products that conformed to those

---

[1] To establish the defense in a failure-to-warn context, the elements are slightly modified to include a showing that (1) the Navy exercised its discretion and approved certain warnings; (2) the defendant provided the warnings required by the Navy; and (3) the defendant warned the Navy about any hazards that were known by it but not by the Navy. *Id.*

specifications. Sargent Aff. at ¶¶ 23–32; Pantaleoni Aff. at ¶¶ 5–6. The Navy, as one of the leaders in industrial hygiene state of the art, possessed knowledge regarding the hazards of asbestos equal to or superior to its equipment suppliers, such as Crane Co. *See* Affidavit of Samuel A. Forman ("Forman Aff."), at ¶¶ 21–23, attached as Exhibit 4. The Navy's specifications governed not only the design and construction of Crane Co.'s products, but also the form and content of any labeling, product literature, or warnings supplied with the products. Sargent Aff. at ¶¶ 23–32. The Navy reviewed the proposed product literature and labeling that accompanied equipment and, at its discretion, edited the wording of instructional material and warnings, approving certain warning language and disapproving other language. See Sargent Aff., at ¶ 59 & Exhibit K, Doc. 2-8 (examples of the Navy providing line-by-line edits to the product literature and proposed warning language of equipment manufacturers). Thus, Crane Co. has a colorable claim that it is entitled to immunity from state tort law in this action under the government-contractor defense.

WHEREFORE, Defendant Crane Co. moves to join the notice of removal filed by codefendant General Electric Company, pursuant to 28 U.S.C. § 1442(a) and § 1446 (Doc. 1).

          Respectfully submitted,

Dated: April 29, 2015          HEPLERBROOM LLC

          By: /s/ Benjamin J. Wilson
          BENJAMIN J. WILSON   # 63329
          hbasbfed@heplerbroom.com
          Attorney for Defendant Crane Co.
          130 N. Main Street
          P.O. Box 510
          Edwardsville, Illinois 62025-0510
          Phone:  (618) 656-0184
          Fax:  (618) 656-1364

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICKEAL VARNUM, )<br>)<br>    Plaintiff, )<br>)<br>)<br>)<br>)<br>)<br>AIR AND LIQUID SYSTEMS, INC., )<br>As Successor-in-Interest to Buffalo )<br>Pumps, Inc., et al, )<br>)<br>    Defendants. ) | Case No. 3:15-cv-00450-NJR-DGW |

## CERTIFICATE OF SERVICE

The undersigned states that on the 29th day of April, 2015, Defendant, Crane Co., electronically served its Motion to Join Notice of Removal with the Clerk of the Court using the CM/ECF system.

                                        Respectfully submitted,

                                        HEPLERBROOM LLC

                                        By: /s/ Benjamin J. Wilson_____
                                        BENJAMIN J. WILSON    # 63329
                                          hbasbfed@heplerbroom.com
                                          Attorney for Defendant Crane Co.
                                          130 N. Main Street
                                          P.O. Box 510
                                          Edwardsville, Illinois 62025-0510
                                          Phone:  (618) 656-0184
                                          Fax:  (618) 656-1364